## William Congdon v. David Preston and John L. Harper.

*Action for recovery of money paid under protest—burden of proof—payment of taxes for another.*

A firm of bankers agreed with a man to enter land which they would sell him "at $1.35 per acre any time within six months, or $1.50 per acre within one year." Soon after they paid the annual taxes on the lands, and when they came to sell they added the amount to the agreed price. The purchaser paid it under protest and afterwards sued to recover it back. *Held* that as the firm were entitled to keep their title or their security good by paying the taxes and were not bound to determine the legality thereof at their own risk, they could maintain an equitable action for the amount so paid even though the contract purchaser had not agreed to repay it.

*It seems* that an action at law may properly be brought to recover money paid under protest in excess of the contract price where the only other remedy would be to tender the contract price and file a bill for specific performance, and the delay in the equitable proceedings would endanger the plaintiff's interests.

Where a party sues for the repayment of money paid under protest, and the defendant claims the amount under color of right, as having been paid out by him for plaintiff's benefit, the plaintiff has the burden of proving that defendant has no right to it; and if he does not do so the question of the admissibility of the receipt taken by defendant, in proof of his payment, becomes immaterial.

Error to the Superior Court of Detroit. Submitted June 22. Decided October 11.

Assumpsit. Plaintiff brings error. Affirmed.

*Henry G. Holmes* for appellant. A compulsory discharge by a vendee of a duty incumbent upon the vendor

in paying money is not a voluntary payment, and when he does it to save property he is entitled to be repaid : *Ripley v. Gelston* 9 Johns. 201; *Chic. & Alt. R. R. Co. v. Coal Co.* 79 Ill. 121; *Taylor v. Taylor* 20 Ill. 650; *Watson v. Woolverton* 41 Ill. 241; *McGregor v. Erie Rw. Co.* 35 N. J. 89.

*Julian G. Dickinson* for appellees. The vendor of land is entitled to exact in addition to the purchase price the sum paid by him for delinquent taxes, and the contract purchaser if he insists on taking the land must pay such sum : *Wing v. McDowell* Walk. Ch. 175; *Fitzhugh v. Maxwell* 34 Mich. 138; *Mott v. Coddington* 1 Abb. Prac. (N. S.) 295; *Clark v. Laughlin* 62 Ill. 278.

MARSTON, J. The defendants under the firm name of David Preston and Co., upon the 23rd day of May, 1872, made the following proposition or agreement:

" *George Johnson, of Presque Isle, Michigan:* We will enter the minutes you handed us to-day, say some 800–1000 acres in sections 34, 35 and 36, T. 33 N., R. 8 E., in the name of David Preston and John L. Harper, or such of them as are vacant, and will sell them to you at $1.35 per acre any time within six months, or $1.50 per acre within one year from this date."

There was afterwards an extension of the time, but nothing relating thereto affects the questions raised.

Lands were entered and patents therefor received by defendants, and on the 27th day of June, 1873, they paid to the State, taxes assessed against said lands, $202.07, and received the usual receipt therefor signed by the State treasurer, and countersigned by the Auditor General.

On the 8th day of August, 1873, the defendants offered to convey to the assignee of said Johnson the lands, upon payment of the agreed consideration and the taxes so paid by them. The assignees objected to paying such taxes, but as the defendants declined to convey, unless the same were paid, payment under protest was made, and the present action was brought to recover back the same.

The court charged the jury to find for the defendants, and

two questions are raised in this Court: *First*, that the tax receipt was not admissible ; and *second*, whether the payment was made involuntarily under protest so as to permit a recovery back.

The second question may be first considered. The only evidence in the record tending to show a necessity for the payment to the defendants of the amount sought to be recovered back is as follows : a witness for the plaintiff, who had charge of the negotiations with defendants, in speaking of the transaction and what was said and done, testified as follows : "I was negotiating the sale of these lands at that time. I expected to sell them at once. Mr. Johnson had a purchaser, as he thought, and we expected to make a sale of the lands at once. I considered it was necessary to get a deed of the lands immediately."

If the plaintiff's rights could not be protected by thus paying under protest and then resorting to the present simple and inexpensive remedy to test the question, then a resort must have been had to a tender of the agreed price for the lands and a bill in equity for specific performance. This we think, under the circumstances of this case, the party interested was not compelled to do and thereby be prevented from using or disposing of the lands during the controversy. But without discussing this question at length, we think there is a more serious objection to the right of the plaintiff to recover.

The defendants had, at the request of the party through whom the plaintiff claims, entered and taken a conveyance of these lands in their own names, and had paid the State therefor. Their object in taking the title in their own names was undoubtedly for security. To keep good their security it was necessary to pay the taxes assessed thereon, and if this were not done they would be in danger of losing their title thereto, or, if it could be claimed that they were but agents or trustees, then of losing their security by a sale of the lands for the taxes. It was urged in the brief of counsel, that these taxes were illegal, and therefore defendants should not have paid them. In my opinion this should not and does not

make any legal difference. The question of illegality they could not be required to assume at their peril, nor could they be required to commence procceedings to have such taxes declared illegal. They might have done so, but there is nothing in this case to show that they owed this plaintiff or the parties through whom he claims any such duty. Upon the face of the conveyances from the State to them they were the owners of these lands, and as such they had a right to pay taxes assessed thereon, even although some doubt might have existed as to the legality thereof.

It is urged however that as defendants had agreed in writing to convey to the plaintiff or his assignees these lands within a certain time at an agreed price they were bound to do so and could not claim taxes paid by them. Without undertaking to say what the rule would be under ordinary contracts for the sale of lands, that were silent as to the payment of taxes, we are of opinion that under the facts in this case the position assumed by the plaintiff cannot be maintained. As already said the defendants had, for their own protection, a right to pay these taxes, and this also was a benefit and a protection to Johnson and those claiming under him. Had he or his assignees under such circumstances come into a court of equity and asked for a specific performance of the contract, there is no doubt but that they would be required to do equity by paying the defendants the amount claimed, and in this, which is an equitable action, the same rule must apply.

The question as to the admissibility of the tax receipt, I do not consider material. The defendants claimed this money under color of right and it was paid them, though under protest. In an action to recover it back the burden of proof would be upon the plaintiff to show that defendants had no right to it, and proof of payment alone would not suffice.

For these reasons I am of opinion that the judgment should be affirmed with costs.

The other Justices concurred.